Stephen D. Hibbard (State Bar No. 177865)
sdhibbard@jonesday.com
Matthew J. Silveira (State Bar No. 264250)
msilveira@jonesday.com
Dennis F. Murphy, Jr. (State Bar No. 301008)
dennismurphy@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:   +1.415.626.3939
Facsimile:    +1.415.875.5700

Stephen J. Obie (*pro hac vice* application to follow)
sobie@jonesday.com
JONES DAY
250 Vesey Street
New York, NY  10281.1047
Telephone:   +1.212.326.3939
Facsimile:    +1.212.755.7306

Attorneys for Defendant
HDR GLOBAL TRADING LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK AMATO and RGB COIN LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>**HDR GLOBAL TRADING LIMITED,<br>d/b/a BITMEX; ARTHUR HAYES; and<br>DOES 1-10,**<br><br>Defendants. | Case No. **3:20-cv-00086**<br><br>**DEFENDANT HDR GLOBAL<br>TRADING LIMITED'S NOTICE OF<br>REMOVAL OF CIVIL ACTION**<br><br>[28 U.S.C. §§ 1332, 1441(b) & 1446] |

TO THE CLERK OF COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1332, 1441(b), and 1446, Defendant HDR Global Trading Limited ("HDR"), by and through its counsel of record, hereby removes to this Court the state court action described herein.

Federal diversity jurisdiction exists under 28 U.S.C. Sections 1332 and 1441(b) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and in which citizens or subjects of a foreign state are additional parties. HDR states the following grounds for removal:

**I.      INTRODUCTION**

1.      On December 4, 2019, Plaintiffs Frank Amato and RGB Coin Ltd. (collectively "Plaintiffs") filed a Complaint against HDR and Arthur Hayes in the Superior Court of the State of California for the County of San Francisco, styled *Frank Amato and RGB Coin Ltd., Plaintiffs v. HDR Global Trading Limited, d/b/a BitMEX; Arthur Hayes; and Does 1-10, Defendants*, Case No. CGC-19-581267. At the time of filing this Notice of Removal, the case was still pending in the Superior Court of the State of California for the County of San Francisco. *See* 28 U.S.C. § 1441(a).

2.      Plaintiffs appear to have made multiple attempts to serve HDR via a subsidiary, ABS Global Trading Limited ("ABS"), which has an office located in San Francisco, California. These attempts occurred as follows: (1) Hand-delivery on ABS on December 4, 2019; (2) Federal Express mailing on December 5, 2019 to ABS; (3) USPS mailing from two different California locations on December 5, 2019 to ABS; and (4) Hand-delivery on ABS's Agent for Service Corporate Creations Network Inc. in Marina Del Rey, California on December 6, 2019. Plaintiffs also sent the Summons and Complaint via email on December 10, 2019 to legal@bitmex.com.

3.      True and correct copies of the Complaint and all other documents sent to ABS during Plaintiffs' service attempts on HDR in this action are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

4.      When a plaintiff files suit in state court but could have invoked the original

jurisdiction of the federal courts, a defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a).

5. Here, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and in which citizens or subjects of a foreign state are additional parties. Therefore, this Court has federal diversity jurisdiction under 28 U.S.C. Sections 1332 and 1441(b), and the action may be removed from the Superior Court of the State of California for the County of San Francisco.

## II.    JURISDICTION

### A.    Complete Diversity of Citizenship Exists and No Defendant Is a California Citizen.

6. Plaintiff Frank Amato is an investment professional who is a citizen of Ohio. *See* Compl., Ex. A, ¶ 7. Plaintiff RGB Coin Ltd. is a limited liability corporation organized in Ohio. *See id.* ¶ 8. Member interests in Plaintiff RGB Coin Ltd. are held by Plaintiff Amato and another unnamed member, who is a citizen of Portugal. *See id.*

7. Defendant HDR is a private, closely-held company incorporated in the Republic of Seychelles. *See id.* ¶¶ 9-10. For purposes of 28 U.S.C. Sections 1332 and 1441(b), HDR's principal place of business is, and at the time of the Complaint's filing was, in Hong Kong, where HDR's senior officers direct, control, and coordinate HDR's activities.

8. Further, the Simple Agreement for Future Equity ("SAFE"), attached as Exhibit 1 to Plaintiffs' Complaint and underlying the breach of contract claim, is signed by Defendant Arthur Hayes on behalf of HDR, a Seychelles corporation, with an address in the Seychelles. *See* Compl., Ex. A. And although the SAFE states that it is governed by the laws of the State of California (*see id.* at SAFE § 5(f)), it does not contain a corresponding forum selection clause.

9. Defendant Arthur Hayes is alleged to be a "U.S. citizen" and to "regularly and systematically conduct[] business in California and the U.S.," including by allegedly "managing and directing BitMEX's San Francisco Bay Area-based operations." *See id.* at ¶ 11. Absent from the Complaint, however, are any allegations as to where Defendant Hayes is domiciled – whether in California, another U.S. state, or in a foreign state – or any allegations that Defendant Hayes

manages and directs BitMEX's purported California-based operations *from California*. Plaintiffs' assertion that Defendant Hayes was a speaker at a conference in San Francisco in July 2018 does not affect the analysis. *See id.* at ¶ 11(a). In fact, Hayes is not domiciled in the United States.

10. Because HDR is incorporated in the Seychelles with its principal place of business in Hong Kong and Defendant Hayes is neither alleged to be nor is domiciled in California or Ohio, complete diversity of citizenship exists between non-California Defendants and the Plaintiffs.[1]

**B.   The Amount in Controversy Exceeds $75,000.**

11. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). Although HDR disputes Plaintiffs' allegations and denies that Plaintiffs are entitled to any relief, HDR avers without prejudice to its defenses and objections in this action that the amount in controversy exceeds the jurisdictional threshold based on the allegations of Plaintiffs' complaint, including Plaintiffs' Prayer for Relief in which Plaintiffs seek monetary damages "reasonably estimated to exceed $50,000,000," injunctive relief, disgorgement, constructive trust, attorneys' fees, and punitive damages. *Id.*, Prayer for Relief.

**III.   THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 ARE MET**

12. Removal is timely. Without prejudice to its defenses and objections in this action, including but not limited to the sufficiency of Plaintiffs' service of process, HDR timely filed this Notice of Removal within thirty days of the filing of the Complaint and Plaintiffs' first attempt to deliver the Complaint to ABS's office in San Francisco, California. *See* 28 U.S.C. § 1446(b).

13. Removal to this Court is proper. The Complaint was filed in the Superior Court of the State of California for the County of San Francisco. This Court is part of the "district and division within which such action is pending . . . ." 28 U.S.C. § 1446(a).

14. Pursuant to 28 U.S.C. Section 1446(a), a "copy of all process, pleadings, and orders" that Plaintiffs attempted to serve HDR with via ABS is attached to this Notice of

---

[1] In averring that Hayes is not a California citizen, HDR does not concede that service has been properly effected on either Hayes or it as necessary to invoke the limitation on diversity removal under 28 U.S.C. Section 1441(b)(2).

Removal as **Exhibit A**.  HDR has not answered or otherwise filed a response to the Complaint.

15. Concurrent with the filing of this Notice of Removal, HDR served this Notice of Removal on Plaintiffs' counsel of record, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Francisco.  *See* 28 U.S.C. § 1446(d).

16. HDR has confirmed that Hayes consents to removal of this action to federal court. *See* 28 U.S.C. § 1446(b)(2)(A).  This consent to removal is made without prejudice to Hayes or HDR's defenses and objections in this action, including but not limited to the sufficiency of Plaintiffs' service of process.

## IV.  INTRADISTRICT ASSIGNMENT

17. Pursuant to Northern District of California Civil Local Rules 3-2(d) and 3-5(b), this case should be assigned to the San Francisco Division or the Oakland Division.

WHEREFORE, notice is given that this action is removed from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

Dated: January 2, 2020                                         JONES DAY

By:/s/ *Stephen D. Hibbard*
      Stephen D. Hibbard

Attorneys for Defendant
HDR GLOBAL TRADING LIMITED